IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

**CONSTANCE DAVIS**                                        **PLAINTIFF**

**VS**                                            **CIVIL ACTION NO:**     **4:23CV136-DMB-JMV**

**CITY OF MOOREHEAD**                               **DEFENDANT**

<u>**COMPLAINT**</u>

This is an action to recover actual damages and liquidated damages for discrimination based on sex and quid pro quo sexual harassment. The following facts support this action:

1. Plaintiff Constance Sanders is an adult resident citizen of Sunflower County, Mississippi.

2. Defendant City of Moorehead, Mississippi is a political subdivision in the State of Mississippi. Defendant may be served with process upon its mayor, George Holland at 801 Johnny Russell Drive, Moorehead, MS, United States, Mississippi.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to redress a claim for damages under 42 U.S.C. § 1981 when a right to sue letter is received with respect to the EEOC charge, attached hereto as Exhibits "A" and "B".

4. This action is brought to redress a claim under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

5. Plaintiff has worked approximately seven (7) years as a municipal court clerk/court administrator and is known to be skilled and diligent in her duties.

6. Plaintiff was involved in relationship with City Manager Robert Martin, hereinafter "Martin". When Martin married, Plaintiff ended the relationship.

7. In approximately October 2022, Plaintiff began receiving unfair treatment and harassment.

8. Plaintiff was no longer allowed to receive mandatory training and to attend mandatory conferences for her job and was given additional duties of Water Clerk and Deputy City Clerk with no increase in pay.

9. Plaintiff also began receiving differential treatment with breaks and time off. While Martin and the City Clerk took 3-hour breaks, Plaintiff was harassed for taking an hour lunch.

10. Plaintiff was also written up for taking an emergency half day although she had the necessary sick and vacation leave available and despite there being someone to cover her shift.

11. Emergency time off was never a problem prior to Plaintiff ending the relationship with Martin.

12. Plaintiff has also been accused of mishandling deposits and failing properly handle water bill accounts, all of which at no fault of her own.

13. Plaintiff states that her work conditions and increased duties without pay, has rendered her workplace a hostile environment.

14. Sex discrimination and quid pro quo sexual harassment is the reason why Plaintiff is being subjected to a hostile work environment. It is a direct result of her refusal to carry on a relationship with Martin.

15. Plaintiff has suffered tangible employment actions, in the form of increased duties with no pay, false accusations of work misconduct, and differential treatment in leave benefits due to her rejection of her Martin's desire to carry on a relationship.

<u>REQUEST FOR RELIEF</u>

Plaintiff requests actual damages in an amount to be determined by a jury, and reasonable attorneys' fees and costs.

Respectfully Submitted this 24th day of July, 2023.

Constance Sanders, Plaintiff

By: _____
Vallrie L. Dorsey, Esq. MSB #102538
Vallrie Dorsey Law, PLLC
Post Office Box 503
Greenwood, MS 38935-0503
662-455-2032
662-455-2034 (Fax)

Attorney for Plaintiff